IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHARLOTTE R. WEISS,**

   **Plaintiff,**

vs.                 No. CIV 03-0742 RB/KBM

**HOUSING AND URBAN DEVELOPMENT,**
**Defendants, SECRETARY MAY, MICHAEL**
**GRIEGO, FLOYD DURAN, MAL MARTINEZ,**
**MILTON TURNER, DIRECTOR, AND**
**TIMOTHY HARTZER, ESQ.,**

   **Defendants.**

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** came before the Court for an examination of Plaintiffs' Complaint to ascertain the existence of federal jurisdiction. Having considered the Complaint, relevant law, and being otherwise fully advised, I find that the allegations of the Complaint are insufficient to confer federal jurisdiction and that the case should be dismissed without prejudice.

  Plaintiff is proceeding pro se. The court must liberally construe pro se litigants' pleadings and hold them to a less stringent standard than required of those prepared by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the court may not assume the role of advocate for the pro se litigant, and need not accept as true unsupported conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994). I have reviewed Plaintiff's Complaint with this standard in mind.

  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction

of the subject matter, the court shall dismiss the action." FED.R.CIV.P. 12(h)(3).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (emphasis in original).  There is a presumption against federal jurisdiction absent an adequate showing by the party invoking it.  *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003) *Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). The party invoking federal jurisdiction bears the burden to allege facts in his or her pleading essential to show jurisdiction.  *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

In her Complaint filed on June 23, 2003, Ms. Weiss alleges that she is entitled to enforcement of a settlement agreement in a prior case that she brought against the City of Las Cruces styled *Charlotte Weiss v. City of Las Cruces, Public Housing Authority Director, Jack Wingard, Paul Bazan, Property Manager*, and numbered CIV 02-0318 LH/LCS.  The prior case concerned the same public housing application referenced in the Complaint in the instant case.  *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979) (observing that court may take judicial notice of its own records).  The prior case was settled on February 13, 2003.  (CIV 02-0318 LH/LCS, Doc. 47.)  The instant Complaint does not allege any new claims concerning the public housing application, but merely seeks enforcement of the settlement agreement.

In order for federal jurisdiction to arise under 28 U.S.C. §1331, a federal question must appear on the face of the complaint, the complaint must identify the statutory or constitutional provision under which the claim arises, and the complaint must allege sufficient facts to show that the case is one arising under a federal law.  *Martinez v. United States Olympic Comm.,* 802 F.2d 1275, 1280 (10th Cir. 1986).  The Complaint alleges breach of a settlement agreement, but does not allege

a claim under federal law. Liberally construed, the Complaint fails to allege any basis for federal question jurisdiction.

Diversity jurisdiction requires an amount in controversy exceeding $75,000 as well as diversity of citizenship between the parties. 28 U.S.C. §1332. The Complaint fails to state an amount in controversy and contains no allegations regarding the citizenship of the parties. Liberally construed, the Complaint alleges a state law breach of contract claim with no basis for federal jurisdiction.

I am mindful of Plaintiff's pro se status and I have afforded her Complaint a liberal construction. However, I can discern no basis for federal jurisdiction. The Complaint should be dismissed without prejudice for lack of federal jurisdiction.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**